**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MITCHELL PAUL COOK** | : | **CIVIL ACTION** |
| **Plaintiff** | : | **NUMBER: 16-587-BAJ-RLB** |
| **VERSUS** | | |
| | : | **JUDGE BRIAN A. JACKSON** |
| **LOUISIANA WORKFORCE, L.L.C.,** | : | **MAGISTRATE JUDGE** |
| **JOHNNY SMITH, Individually and in his** | | **RICHARD L. BOURGEOIS, JR.** |

**Official Capacity as Warden of Phelps Correctional Center, ROBERT TANNER, Individually and in his Official Capacity as Warden of Elayn Hunt Correctional Center, SANDY McCAIN, Individually and in his Official Capacity as Warden of B.B. Rayburn Correctional Center, JAMES M. LEBLANC, Secretary of the Louisiana Department of Public Safety and Corrections, Individually and in his official capacity, and LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff, Mitchell Paul Cook (DOC #402967), is currently incarcerated at Rayburn Correctional Center ("RCC") in Angie, Louisiana.

2. Plaintiff filed suit against, the Louisiana Department of Public Safety and Corrections ("Department"), Secretary James M. LeBlanc and Wardens Robert Tanner and Sandy McCain.

3. In the Petition for Damages, plaintiff refers to violations of state and federal laws that allegedly occurred from May 26, 2015 – July 23, 2015, while he was housed at EHCC. Suit was filed on July 25, 2016. On the face of the pleadings, it is clear that any and all claims asserted by plaintiff that pre-date July 25, 2015 have prescribed, as he had 1 year from the date he knew or should have known he may have a cause of action to file a lawsuit.

4. Plaintiff failed to exhaust administrative grievances on the claims of failure to train and supervise, violation of due process and equal protection rights, cruel and unusual punishment,

1

deficient and unconstitutional policies and practices, negligence, intentional tortious acts, gross negligence and respondeat superior. The summary judgment evidence also shows that plaintiff asserted no *specific* claims against Secretary James M. LeBlanc and Warden Sandy McCain in the administrative remedy grievances that form the basis of this lawsuit and that the claims asserted by plaintiff in ARP No. ARDC-2015-187, who he addressed to Warden Robert Tanner, have prescribed.

**The Deliberate Indifference Claim against Warden Robert Tanner**[1]

5. Mr. Cook transferred from Southwest Contract TWP to EHCC on May 26, 2015.[2] Plaintiff's health care intake form reflects that he had an injury to the right eye with a retinal tear. His eye drop prescriptions were issued. An urgent Ophthalmology consultation was requested on plaintiff's behalf at EHCC on May 26, 2015.  On May 26, 2015, a duty status order was entered for no duty, with lifting restrictions of 10 pounds.

6. It should be noted that information concerning plaintiff's doctor's appointments and/or surgeries were entered into the Eceptionist database at the prisons and sent to DOC Headquarters, which serves as the central medical scheduling center for offenders, for review. Once information concerning plaintiff was reviewed by staff at DOC Headquarters, the University Medical Center New Orleans (UMCNO) received the information and scheduled appointments and/or surgery. Staff at Headquarters depends on New Orleans to schedule appointments and surgeries.

7. On May 27, 2015, an urgent eye surgery referral was sent from EHCC to DOC Headquarters for plaintiff to be seen in the eye clinic at UMCNO as soon as possible.

---

[1] See Exhibit J, pages 5 - 8, 21; see also Exhibit K.
[2] Exhibit C.

**June 2015**[3]

8. Headquarters sent the request and Mr. Cook was given an appointment at the Interim Louisiana Hospital New Orleans for June 1, 2015. Plaintiff's trip report was reviewed at EHCC on June 2, 2015. Requests for an urgent retinal surgery consultation and follow-up in one week were also reviewed.

9. The next appointment was scheduled on June 4, 2015 and Mr. Cook went to that date. On June 5th, surgery was requested for June 11, 2015.  Everything was approved and the June 11 surgery was confirmed. A chest x-ray, EKG and blood work had to be done before plaintiff was put to sleep for surgery.  An EKG was done on June 5, 2015. The study showed sinus bradycardia with a heart rate of 60 bpm, and excursions to 40 bpm. The physician at EHCC reviewed the test results and requested an urgent Cardiology consultation. It was noted that the request was done for pre-op clearance for surgery scheduled the following week, due to an abnormal EKG with severe sinus bradycardia to the 30's, with no significant cardiac history.

10. On June 8, 2015, the Retina Surgery Clinic was notified of the EKG results and the urgent Cardiology evaluation for pre-op clearance, and that the surgery of June 11th had been cancelled and would be rescheduled.

**July 2015**[4]

11. On July 1, 2015, plaintiff's follow-up appointment with the Cardiology clinic was scheduled for July 23, 2015.  Plaintiff was again seen for a routine follow-up on July 16, 2015.  Vital signs were charted as BP 141/83 and heart rate of 56. The nurse practitioner who saw plaintiff notes his concerns about surgery and being seen again by cardiology. An email was sent to the doctor for an update. The Cardiology Telemed consultation was done on July 23, 2015. The blood

---

[3] Exhibit J, pages 21, 22-24, 27, 28, 33-36, 51, 53, 54, 60, 61, 64-66 and 69 and Exhibit K.
[4] Exhibit J, pages 61, 64-66 and 69. See also Exhibit K.

pressure was charted as 128/77, with a hear rate of 59.  Mr. Cook was noted as being a low risk for eye surgery. Plaintiff was discharged from the Cardiology clinic and instructed to follow-up with his PCP.

12. Plaintiff was seen in callout on July 29, 2015.  A request that the surgery be rescheduled was entered after the Cardiology consult was reviewed at EHCC.  His blood pressure was 117/73 with a heart rate of 61. Staff at DOC Headquarters reviewed the request on July 29th. It was noted that he was awaiting eye surgery and that trips had been contacted. A chart review was going to be performed in 2 weeks to check on the surgery appointment status. Staff at Headquarters depended on New Orleans to give the appointment for the next surgery.

13. Warden Robert Tanner had no personal involvement in this case. He likewise had no involvement in plaintiff's June 11, 2016 surgery being postponed due to cardiac issues he was having.

14. There is no showing that plaintiff was incarcerated under conditions that posed a substantial risk of serious harm while he was at EHCC and/or that Warden Tanner's state of mind was one of deliberate indifference to his safety. Accordingly, Warden Tanner should be entitled to qualified immunity and the deliberate indifference claim against him should be dismissed.

**The Deliberate Indifference Claim against Warden Sandy McCain**

15. Plaintiff transferred from EHCC to Rayburn Correctional Center (RCC) on August 10, 2015.

**August 2015**[5]

16. Plaintiff's history of retinal detachment was noted at the intake physical at RCC on August 11, 2015. The medical records also show that the status of the eye surgery was to be checked. The transmittal was sent to DOC Headquarters on August 11, 2015. Headquarters sent the inquiry to New Orleans to check with the doctor to find out if plaintiff needs to return to the eye

clinic before surgery. On August 12, 2015, the recommendation was made that plaintiff return to the eye clinic and that he take the cardiology clearance with him to the eye appointment. On August 25, 2015, RCC requested an urgent eye clinic appointment that was sent to DOC Headquarters on plaintiff's behalf. Staff at Headquarters sent the request to New Orleans on that same date. The September 18, 2015 eye clinic appointment in New Orleans was scheduled on August 28, 2015.

**September 2015**[6]

17. Plaintiff was seen at in the UMC Ophthalmology Clinic on September 18, 2015.  The consultation had been requested due to retinal detachment in the right eye.  The communication form indicates plaintiff needed to be seen in the Retina Clinic within 4 weeks.  He returned to Rayburn with his orders to return to be seen in the Retina clinic.  The orders were reviewed.

**November and December 2015**[7]

18. Plaintiff was seen in the UMC Ophthalmology Clinic on November 18, 2015.  The surgery was scheduled on November 19, 2015, to be done at UMC on December 3, 2015. Mr. Cook was brought to UMC on the morning of December 3, 2015.  He was found to have significantly elevated blood pressure readings of 175/113, 165/103 and 176/100.  The surgery was cancelled and Mr. Cook was returned to RCC for a blood pressure evaluation.

19. Plaintiff was seen at RCC on December 14, 2015, at which time his vital signs were charted as BP 120/80 with a heart rate of 69. Plaintiff's weight had risen to 208. His heart sounds were normal.  The lab results were noted (normal except for high cholesterol).  Plaintiff was cleared to reschedule the surgery.

---

[5] See Exhibit J, page 81 and Exhibit K.
[6] See Exhibit J, pages 110 and 112; see also Exhibit K.

**January and March 2016**[8]

20. Plaintiff's records indicate the surgeon was notified that he had received medical clearance and that surgery could be rescheduled on January 11, 2016. The Eceptionist notes from January 12, 2016 indicate, "UMCNO emailed weekly to notify surgery is approved – UMCNO OR is awaiting MD to schedule date…PER UMCNO will be scheduled accordingly based on Trauma cases by UMCNO."[9]  The records indicate that on January 25, 2016, UMCNO was aware that surgery was approved and that the OR was waiting on the MD to schedule a date.  Another follow-up was made on by Headquarters staff on February 1, 2016. The note states, "UMCNO is aware surgery is approved, awaiting on OR date."[10] A surgery date of March 10, 2016, was eventually obtained.  Mr. Cook returned to UMC for follow-up on March 11, 2016, and March 16, 2016.

21. Warden Sandy McCain has had no personal involvement in this case. Thus, in addition to failing to show personal involvement, plaintiff has failed to show he was incarcerated under conditions that posed a substantial risk of serious harm and/or that Warden McCain's state of mind was one of deliberate indifference to his safety. Like Warden Robert Tanner, Warden Sandy McCain should be entitled to qualified immunity and the deliberate indifference claim against him should be dismissed.

---

[7] Exhibit, pages 131-A-B, 141-A, 141-B, 147-A.
[8] Exhibit, pages 131-C and 151.
[9] Exhibit K.
[10] Id.

**Secretary James M. LeBlanc**

22. Finally, in regards to Secretary James M. LeBlanc, plaintiff has failed to sufficiently allege or show how Secretary LeBlanc had any direct or personal involvement in the events alleged in the lawsuit to support a finding of liability against him.[11] Secretary LeBlanc is not a health care provider. There is no evidence he "willfully, intentionally, and negligently thwarted with deliberate indifference," plaintiff's eye surgery as alleged in the Petition for Damages.[12] Secretary James M. LeBlanc should be entitled to qualified immunity and the deliberate indifference claim.

 The above facts are believed to be undisputed and therefore present a proper subject for a Motion for Summary Judgment in that there exists no genuine issues of material fact.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: s/ Stacey Johnson
   Stacey Johnson
   Bar Roll No. 27331
   Assistant Attorney General

   Louisiana Dept. of Justice
   Litigation Division
   1885 N. 3rd Street, 4th Floor
   P.O. Box 94005
   Baton Rouge, LA 70802
   Telephone: (225) 326-6402
   Facsimile: (225) 326-6495
   Johnsonst@ag.louisiana.gov

---

[11] Bell v. Livingston, 356 Fed. Appx. 715 (5th Cir. 2009), citing Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).
[12] Rec. Doc. 1, Exhibit A.

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 28, 2016, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of this Court's electronic filing system.

s/ Stacey Johnson
Stacey Johnson # 27331
Attorney for Defendants
