UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MITCHELL PAUL COOK**                               CIVIL ACTION

**VERSUS**                                           **NO. 16-587-BAJ-RLB**

**LOUISIANA WORKFORCE, L.L.C., ET AL**

### ORDER

Before the Court is a Motion to Stay Discovery, or in the Alternative, Motion to Continue the Scheduling Conference (R. Doc. 9) filed by defendants Robert Tanner, Sandy McCain, James M. LeBlanc and the Louisiana Department of Public Safety and Corrections ("DOC") (collectively, "Movants"). The Court previously granted the Motion to the extent it sought rescheduling of the scheduling conference. (R. Doc. 12). Mitchell Paul Cook ("Plaintiff") opposes the motion to the extent it seeks a stay of discovery. (R. Doc. 14).

Plaintiff initiated this action in state court. (R. Doc. 1-1, "Petition"). Plaintiff alleges that on May 11, 2015, while housed at the Phelps Correctional Center, his eye was injured in an accident related to a work release program run by defendant Louisiana Workforce, L.L.C. (Petition, ¶¶ 5-7). Plaintiff further alleges that he was scheduled to have "urgent eye surgery" on May 27, 2015, but his surgery was cancelled and he was transferred to the Elayn Hunt Correctional Center on May 26, 2015. (Petition, ¶¶ 9). Plaintiff alleges that as a result of repeated delays and prison transfers, including a subsequent transfer to the Rayburn Correctional Facility, he did not obtain surgery until March 10, 2016, which resulted in "irreparable and permanent damage" to his eye. (Petition, ¶¶ 10-18).

Plaintiff has sued Warden Tanner, Warden McCain, and Secretary Leblanc in their individual and official capacities. (Petition, ¶ 19). Plaintiff seeks recovery pursuant to 42 U.S.C.

§1983 for "deliberate indifference to his serious medical needs while incarcerated" in violation of his Eighth and Fourteenth Amendment rights (Petition, ¶¶ 29-38); for "their deliberately indifferent policies, practices, habits, customs, and widespread usages [sic] with respect to the serious medical needs of inmates . . . and for their deliberately indifferent failure in training and supervising their employees" (Petition, ¶¶ 39-45); and for state law claims, including gross negligence (Petition, ¶¶ 46-51).

On September 28, 2016, Movants filed a motion for summary judgment asserting that Warden Tanner, Warden McCain, and Secretary Leblanc are entitled to qualified immunity on Plaintiff's "deliberate indifference claim." (R. Doc. 6).[1]  The same day, Movants filed a motion to dismiss (R. Doc. 5) and the instant motion seeking a stay of discovery (R. Doc. 9).  The motion to dismiss seeks dismissal of the claims asserted against Warden Tanner, Warden McCain, and Secretary Leblanc in their official capacities, and against the DOC, on the basis that they are not "persons" under 42 U.S.C. § 1983. (R. Doc. 5-1 at 3).  In addition, the motion to dismiss asserts that Plaintiff's claims of failure to train and supervise and unconstitutional policies and practices fail to state a claim. (R. Doc. 5-1 at 3-5).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as

---

[1] "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, (1976) (citation omitted). Movant's assertion of qualified immunity addresses this "deliberate indifference" claim.  Movants address Plaintiff's separate "failure to train and supervise" claim in the context of arguing the Plaintiff failed to exhaust his administrative remedies. (R. Doc. 6-2 at 4-10).

2

distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the Court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold

immunity question is resolved, discovery should not be allowed."). This heightened pleading standard requires the plaintiff "to allege the particular facts forming the basis of his claim, including those preventing [the individual defendant] from successfully maintaining a qualified immunity defense." *Wicks*, 41 F.3d 994-995. "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the individual defendant] violated clearly established statutory or constitutional rights." *Id*. at 995.

In support of summary judgment on Plaintiff's "deliberate indifference claim," Movants specifically rely on portions of Plaintiff's prison records and medical records in support of a finding of qualified immunity. (R. Doc. 6-2 at 12-18); (*See* R. Doc. 6-4; R. Doc. 7-3; R. Doc. 11 through R. Doc. 11-11). Courts within this Circuit have acknowledged that limiting discovery to plaintiffs in a civil rights action where the individual defendants raise qualified immunity as a defense through a summary judgment motion is inherently unfair.[2] Here, however, Plaintiffs do not oppose Defendants' motion for summary judgment on the basis that any additional discovery is needed to oppose against the motion. Moreover, the parties have filed a joint status report proposing that the discovery deadline in this action be set based in reference to the Court's ruling on the pending dispositive motions. (R. Doc. 18 at 7). Furthermore, if Plaintiff required discovery to respond to Defendants' qualified immunity defense, then Plaintiff could have

---

[2] *See*, *e.g.*, *Estate of Sorrells v. City of Dallas*, 192 F.R.D. 203, 209 (N.D. Tex. 2000) (lifting stay of discovery until the issue of qualified immunity was resolved where individual defendants did not seek a ruling on their immunity defense until they moved for summary judgment); *see also Smith v. Luther*, No. 96-69, 1996 WL 671630 at *2 (N.D. Miss. Aug. 16, 1996) ("In this court's view, it is inappropriate for [the] defendants to gain shelter from discovery under the qualified immunity shield while simultaneously attacking plaintiff with documentary evidence from which he cannot defend himself because of the discovery stay."); *Nguyen v. Louisiana State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2014 WL 11515497, at *1 (M.D. La. July 25, 2014) (granting stay where defendants raised qualified immunity in motion to dismiss, but noting that defendants did not file a motion for summary judgment, in which the dispute of material facts is relevant).

sought such discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[3] Accordingly, the granting of a stay in this action is not inherently unfair.

Based on the foregoing, the Court concludes that the granting of a stay of discovery in this action would not be inherently unfair and is warranted in light of Movants' asserted qualified immunity defense.

**IT IS ORDERED** that the Motion to Stay (R. Doc. 9) is **GRANTED.** The parties are to file an amended Joint Status Report, with newly proposed discovery deadlines, **within 14 days** of the district judge's ruling on the pending motion for summary judgment (R. Doc. 6).

Signed in Baton Rouge, Louisiana, on January 9, 2017.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[3] Rule 56(d) provides a tool to keep open the doors of discovery in order to adequately oppose a summary judgment motion. *Six Flags Inc. v. Westchester Surplus Lines Ins. Co*., 565 F.3d 948, 963 (5th Cir. 2009). Pursuant to Rule 56(d), if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).